UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC G. SNYDER<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CAUSE NO.: 2:20-CV-135-TLS |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Unopposed Motion for Attorney Fee Pursuant to § 206(b)(1) [ECF No. 25]. The Plaintiff's attorney requests attorney fees in the net amount of $12,335.35 pursuant to 42 U.S.C. § 406(b). The Plaintiff represents that the Defendant does not oppose the motion. For the reasons stated below, the Plaintiff's Motion is GRANTED.

**BACKGROUND**

The Plaintiff initiated this action for judicial review of the Commissioner of Social Security's decision denying his application for disability insurance benefits and supplemental security income. On February 24, 2021, the Court granted an agreed motion, reversing and remanding for further proceedings. ECF No. 21. In total, the Court awarded $13,316.15 in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for 71.75 hours of legal services including $7,316.15 in cause number 2:17cv374, and $6,000.00 in the instant cause of action.

On remand, the Social Security Administration issued a Notice of Award entitling the Plaintiff to past-due disability insurance benefits, twenty-five percent of which ($25,621.50) was withheld for the payment of attorney fees. *See* Notice of Award 4, ECF No. 25-1. The Plaintiff's

attorney filed the instant motion [ECF No. 25] on April 6, 2022, requesting that the Court award attorney fees pursuant to § 406(b) in the net amount of $12,335.35. This amount is based on the retainer agreement between the Plaintiff and his attorney [ECF No. 25-2], in which the Plaintiff agreed to pay his attorney twenty-five percent of all past-due benefits for work at the federal court level. The total requested § 406(b) award equals $25,651.50, based on the withheld twenty-five percent of past-due benefits. Counsel for the Plaintiff requests that the award of $25,651.50 be offset by the total EAJA fees award of $13,316.15, for a net payment to the attorney of $12,335.35 in § 406(b) fees.

## ANALYSIS

The Plaintiff's counsel requests a net payment of $12,335.35 in attorney fees pursuant to 42 U.S.C § 406(b). The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see id.* § 406(b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Id.* In addition, an award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Id.* at 796.

In this case, the requested amount of attorney fees is consistent with the contingency agreement. The proposed fee equals an effective hourly rate of approximately $357 for the total requested § 406(b) fee award. *See* Pl.'s Mot. ¶ 9 (reflecting 71.75 attorney hours). Such an hourly rate is reasonable given the contingent nature of this case. *See, e.g.*, *Osmun v. Comm'r of Soc. Sec.*, No. 1:16-CV-273, 2020 WL 7334271, at *3 (N.D. Ind. Dec. 14, 2020) (effective hourly rate of $525); *Niebuhr v. Saul*, No. 18-CV-720, 2020 WL 6484488, at *1 (W.D. Wis. Nov. 4, 2020) (effective hourly rate of $579); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500). In addition, counsel obtained a great benefit for the Plaintiff in the past-due benefits award.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's Unopposed Motion for Attorney Fee Pursuant to § 206(b)(1) [ECF No. 25], AWARDS an attorney fee under 42 U.S.C. § 406(b) of $25,651.50, and DIRECTS that the amount of $12,335.35, which already accounts for the offset of EAJA fees of $13,316.15, be paid directly to counsel for the Plaintiff.

SO ORDERED on April 11, 2022.

s/ Theresa L. Springmann<br>
JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT